CHRISTOPHER L. BLANK (SBN 115450)
CHRISTOPHER L. BLANK, ATTORNEY AT LAW, PC
2973 Harbor Blvd. #506
Costa Mesa, CA 92626
Telephone:    (949) 250-4600
Email:        chris@chrisblanklaw.com

Attorney for Appellant Jamie Lynn Gallian

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re<br><br>JAMIE LYNN GALLIAN<br><br>                Debtor.<br><br>JAMIE LYNN GALLIAN, Appellant<br><br>vs.<br><br>JEFFREY GOLDEN, TRUSTEE, Appellee | **District Court Case No.**<br>**8:25-cv-00827-CV**<br><br>**Bankruptcy Court Case No.**<br>**8:21-bk-11710-SC**<br><br>**APPELLANT'S REVISED SECOND REQUEST FOR EXTENSION OF TIME TO FILE OPENING BRIEF** |

TO THE COURT AND INTERESTED PARTIES: Debtor/Appellant, Jamie Lynn Gallian, hereby submits her revised second request for extension of time to file Appellant's Opening Brief.

Appellant submitted her First Request for Extension of Time to File Opening Brief on June 26, 2025. The First Request asked for an extension to July 14, 2025 which was granted. Appellant submitted her Second Request for Extension of Time to File Opening Brief on July 14, 2025. In the Second Request, Appellant asked for a five-day extension through July 19, 2025.

1

The Court has not ruled on the Second Request. Appellant now submits a Revised Second Request for Extension asking for the due date to be extended to August 1, 2025.

The Parties to this Appeal are:

1. Debtor/Appellant Jamie Lynn Gallian
2. Trustee/Appellee Jeffrey Golden

Additionally, Creditor, Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates ("Houser Bros.") is shown as an Appellee because the Court below allowed Houser Bros. to file a joinder and present argument and evidence with respect to the Trustee's Motions that are the subject of this appeal. Houser Bros. has also filed a counter-designation of record in this appeal. However, it is questionable whether Houser Bros. is a proper party because creditors generally do not have standing to force a sale of a debtor's homesteaded property, nor do creditors have standing to force a debtor to vacate the debtor's homestead to facilitate a Trustee's efforts to sell the Property.

The issues in this case are novel and moderately complex. The record is extensive. Since the Court granted the previous request for extension, Appellant's counsel has been diligently working on the Opening Brief. However, Appellant's counsel runs a one person office with no clerical help. Additionally, Appellant's counsel has been out of State on the east coast since Friday, July 11. Appellant's counsel has been working on the Opening Brief on a laptop computer which has hindered his ability to prepare the Appendix and the opening brief. Nevertheless, counsel has filed a "Place Holder" Opening Brief to allow for the filing of Appellant's Appendices as attachments so those documents would be available to opposing counsel and the Court. Prior to and throughout the time counsel has been away from the office, I have been hopeful that I could complete the briefing, put it in proper form and file the accompanying appendix by today's deadline. I did not want to request another extension unless it were absolutely necessary. However, with only two hours left before the deadline, it became clear that I would not be able to complete the brief and file it on time.

For the last week I have been travelling by car from Savannah, Georgia to Pipestem, West Virginia. At each stop I spent considerable time working on the Opening Brief. I am

presently in West Virginia at a conference that started this evening and runs through July 25, 2025. Conference events run from 7:00 AM to 10:00 PM each day. I am staying at the Pipestem Resort State Park. Internet coverage here is very weak and drops out frequently. My ability to finalize the brief and put it into proper form is severely hampered. I will return to the office on July 28 and will have much better access to the resources and technology I need to finalize the brief that week.

    I apologize to the Court and opposing counsel for not complying with the Court's rule that extensions should be requested not less than five days prior to the deadline; however, my non-compliance with that rule was unavoidable under the circumstances. I reached out to Trustee's counsel by text message to let him know I was filing the Second Request, and to ask if he would consent, but it was too late in the evening to get a response. To my knowledge, no opposition has been filed. I am serving this Revised Second Request on Trustee's counsel at the same time I am filing it with the Court. I do not anticipate opposition.

    Based on the foregoing, Appellant respectfully requests a further extension to file Appellant's Opening Brief to August 1, 2025.

Dated: July 20, 2025        CHRISTOPHER L. BLANK, ATTORNEY AT LAW, PC

                              By:   /S/*Christopher L. Blank*
                                  Christopher L. Blank, Attorney for
                                  Debtor/Appellant Jamie Lynn Gallian

**DECLARATION OF CHRISTOPHER L. BLANK**

I, Christopher L. Blank, declare under penalty of perjury under the laws of the State of California and the United States of America that the facts set forth above are true and correct of my own personal knowledge and if called upon to testify, I could and would testify competently to them.

Executed on Sunday, July 20, 2025 at Costa Mesa, California.

/S/Christopher L. Blank
Christopher L. Blank